UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOWELL HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 26-cv-234-JJM-AEM |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Before the Court is Defendant The United State of America's' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). ECF No. 6. In response, Plaintiff Lowell Harris filed an Objection further supporting his Complaint under the Federal Tort Claims Act (the "FTCA") for negligence and medical malpractice and lack of informed consent both arising out of an alleged chiropractic treatment. ECF Nos. 1; 9.

## I. BACKGROUND

On August 6, 2024, Mr. Harris visited the chiropractic clinic at the Providence Veterans Affairs Medical Center ("VA") where he was evaluated by a chiropractor for neck pain and limited cervical range of motion. ECF No. 1 ¶ 9. The treatment included myofascial and soft-tissue techniques, manual traction, dry needling, and high-velocity, low-amplitude ("HVLA") cervical spinal manipulation. ECF No. 1 ¶ 10; ECF No. 6 at 2. Shortly after that, Mr. Harris developed acute pain, numbness, and

weakness in his right upper extremity, including weakness in the right deltoid and biceps consistent with cervical nerve-root dysfunction. ECF No. 1 ¶ 11. Within days, he reported these symptoms to his primary care provider, who referred him for a neurosurgical consultation and further testing. *Id.* ¶ 12. Imaging testing revealed findings consistent with C5-C6 radiculopathy and foraminal stenosis. *Id.* ¶ 13.[1] On October 21, 2024, Mr. Harris underwent an anterior cervical discectomy and fusion at C4–5 and C5–6. *Id.* ¶ 14. After the surgery, he also developed pain and weakness in his left upper extremity. *Id.* ¶ 16.[2]

On September 29, 2025, Mr. Harris submitted a Standard Form 95 ("SF-95") to the Department of Veterans Affairs ECF No. 6 at 3; ECF No. 9-1 at 2–3. The claim described his October 2024 spinal surgery and the decreased mobility and pain he experienced afterward. *Id.* Mr. Harris sought $2,000,000 in damages for permanent loss of use of his right arm. *Id*; ECF Nos. 6 at 3. The parties agree that the SF-95 made no explicit mention of the August 6, 2024, chiropractic treatment.[3] ECF No. 9-

[1] The parties dispute when Mr. Harris learned that his injury was linked to the chiropractic treatment. In his Opposition to Defendant's Motion to Dismiss, Mr. Harris asserts that the origin of his injuries was discovered in a visit to the VA on October 11, 2024.

[2] Mr. Harris does not allege the surgery itself was negligently performed. ECF No. 6 at 2.

[3] The parties characterize the SF-95 differently: On one hand the Defendant focuses almost exclusively on the "surgical care" described in the form. *See* ECF No. 6-1(sealed) (Basis of Claim). On the other, Mr. Harris writes in his claim that he did not know the cause of his condition and that he "[w]as told *before* surgery that [he] needed this done to be able to use [his] arm." (emphasis added).

1 at 6; ECF No. 10 at 1. By written notice dated November 20, 2025, the VA denied the claim and found no liability on the part of a VA employee. ECF No. 1 ¶ 6; ECF No. 6 at 3. On August 11, 2026, Mr. Harris filed a second SF-95 with the VA describing the chiropractic treatment and the neurosurgical care that followed.[4] ECF Nos. 9-1 at 10 n.1; 10 at 2–3.[5]

## II. DISCUSSION

*Conversion to Summary Judgment*

In broad strokes, the Court briefly disposes of several ancillary issues raised by the parties worth addressing. Mr. Harris raises two versions of the same challenge, asking the Court to convert this suit to summary judgment motions because Defendant used extrinsic materials (the SF-95) supporting their responsive pleadings.

Under Rule 12(b)(1), on a jurisdictional challenge, courts may consider materials outside the pleadings without conversion. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002); *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.

---

[4] There appears to be an open question about whether the second SF-95 filed on August 11, 2026, was timely. Defendant's view of this timing issue is that the claim accrued on the date of treatment: the two-year presentment period under 28 U.S.C. § 2401(b) that expired on August 6, 2026. Mr. Harris argues that the discovery-rule theory applies starting on October 11, 2024: the date he visited the VA before the surgery occurred. The timeliness of the newly filed August 2026 claim is not before this Court. The VA should decide it first because any ruling on those merits would be close to advisory. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998) (forbids reaching merits questions without jurisdiction)

[5] The Defendant argues that filing a second SF-95 concedes that this Court does not have jurisdiction. ECF No. 10 at 2—3.

1996). Rule 12(d) requires conversion only for Rule 12(b)(6) and 12(c) motions. Fed. R. Civ. P. 12(d). Similarly, on a factual challenge, the Court may weigh the evidence itself unless the jurisdictional facts are intertwined with the merits. *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 363–65 (1st Cir. 2001). The facts are not intertwined here because the contents of the SF-95 have nothing to do with whether the chiropractor was negligent.

Under Rule 12(b)(6), in a similar fashion, Courts may consider documents whose authenticity is undisputed, official records, documents central to the claim, and documents sufficiently referred to in the Complaint. *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993); *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013). Here, Mr. Harris identifies the administrative claim without disputing its authenticity and relies on it to show that exhaustion of his administrative remedies has been fulfilled—effectively merging the SF-95 into the pleadings.

For the stated reasons, the Court need not convert this Motion to Dismiss into a motion for summary judgment.

***Dynamic Image*** **Test**

An FTCA action may not be filed in district court until the claim has been presented to the agency and either finally denied in writing or left undecided for six months. 28 U.S.C. § 2675(a); *Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006). The administrative exhaustion requirement allows "meritorious claims to settle more quickly without … expensive and time-consuming litigation." *Id.* (quoting *Pascale v. United States*, 998 F.2d 186, 188 (3d Cir. 1993)). Section 2401(b)

adds two time limits: (1) the claim must be presented within two years of accrual, and (2) suit must be filed within six months of the denial.[6] The time limits are non-jurisdictional and subject to equitable tolling. 28 U.S.C. § 2401(b); *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015).

### A. Notice-of-claim Standard

"For a putative plaintiff to preserve his or her legal rights in the context of the FTCA, he or she must ... file an administrative claim indicating: '(1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought.'" *Urizar-Mota v. United States*, 171 F.4th 445, 458 (1st Cir. 2026) (quoting *Ouellette v. Beaupre*, 977 F.3d 127, 141 (1st Cir. 2020)) (emphasis omitted); *see* 28 C.F.R. § 14.2(a). Although the First Circuit has applied the presentment requirement leniently, it cautions that "[l]enience has its limits" and does not eliminate the minimum requirements for administrative notice. *Urizar-Mota,* 171 F.4th at 459. As to the first requirement, the claim must "giv[e] full and specific notification of who are the claimants and the nature of the injury." *Del Valle Rivera v. United States*, 626 F. Supp. 347, 349 (D.P.R. 1986); *see Santiago-Ramírez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 20 (1st Cir. 1993) (FTCA presentment requirement was satisfied because the administrative claim stated "the identity" of the claimant as well as "the date of the incident, the location of the incident, the government agents involved, and the type of injury alleged").

---

[6] Mr. Harris has met both time limitations on the first SF-95.

In doing so, the claimant must provide "enough information regarding … the underlying grounds" so that the agency can be "fully aware of who were the individuals actually pursuing the claim and the nature of the total claim." *Wojciechowicz v. United States*, 474 F. Supp. 2d 283, 288 (D.P.R. 2007) (quoting *Adames Mendez v. United States*, 652 F. Supp. 356, 358 (D.P.R. 1987) (emphasis in original)). As to the second requirement, "[t]o be properly presented, the damages claim must be in a 'sum certain.'" *Corte-Real v. United States*, 949 F.2d 484, 485 (1st Cir. 1991) (quoting 28 C.F.R. § 14.2(a)).

**Mr. Harris falls short of the presentment requirement.**

Failure to identify the chiropractic incident in his administrative claim bars his FTCA action and strips the Court of subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *McNeil v. United States*, 508 U.S. 106,113 (1993); *see Aversa*, 99 F.3d at 1209–10 (burden to establish subject matter jurisdiction is on the plaintiff). The onus is on Mr. Harris to sufficiently give the agency due notice to investigate the possibility of particular, potentially tortious conduct. *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000); *Ramirez-Carlo v. United States*, 496 F.3d 41, 46 (1st Cir. 2007).

**The SF-95 'Statement'**

The Defendant points to the former half of the statement made by Mr. Harris, including his continued reference to the C 4-5 and C 5-6 spinal surgeries. Nevertheless, Mr. Harris argues that the VA's own October 11, 2024, neurosurgery

documentation attributed the nerve-root injury to chiropractic manipulation ten weeks before the surgery. At bottom this may suggest that the source of Mr. Harris' complaints stems from incidents other than the surgery itself. Moreover, the permanent loss of use in his right arm[7] arguably ties the $ 2,000,000 worth of damages claimed to the earlier incident rather than the latter. However, presentment gives notice of the claim the claimant is making and, by Mr. Harris' own account, SF-95 noted he did not know the cause of his condition, which frames the surgery as the source of harm.[8] The fact that he "[w]as told before surgery that [he] needed this done to be able to use [his] arm" explains *why* Mr. Harris had surgery but it nevertheless fails to identify an earlier event, date, provider, or treatment. Reading a surface level statement as notice of chiropractic-malpractice would require the agency to infer both the chiropractic incident and its tortious character from a sentence describing a different procedure—the surgery. Absent any other information, Mr. Harris would have the agency investigate his medical records that would presumably include the August 6th and October 11, 2024, VA appointments and reach the conclusion that his injuries stem from the chiropractic manipulation.

---

[7] The chiropractic injury occurs on the right arm, but the surgical symptoms were on his left.

[8] To support his claim, Mr. Harris argues, in part, that he filed the SF-95 form without counsel and therefore should not need to provide a level of specificity like that of a lawyer. This added 'factor' does not appear in his initial Complaint, and the Defendant has not disputed or addressed the issue. Mr. Harris' pro se status does not alter the analysis because the Supreme Court has declined to relax § 2675(a) for claimants proceeding without counsel. *McNeil v. United States*, 508 U.S. at 113.

The Court cannot accept this reading of the due notice requirement: The First Circuit has made clear that the alleged conduct must point the agency toward something identifiable that would prompt "[t]he possibility of particular potentially tortious conduct" *Dynamic Image Techs.*, 221 F.3d 34, 40 (1st Cir. 2000)*; see also Urizar-Mota*, 171 F.4th at 459 (claim must identify "the nature of the injury"). To draw the inference suggested by Mr. Harris would be to ask the agency to make presumptions about the origin of his injuries that are neither 'identifiable' in the statement nor suggestive of a "potentially tortious conduct." Moreover, Mr. Harris' statement is devoid of any communication that remotely discloses the underlying grounds for relief. Indeed, as the Defendant seems to point out, the word "chiropractic" is nowhere to be found. Neither is any insinuation, outside the loss of use of his right arm, that the source of his injury is chiropractic manipulation. This omission deprived the agency from conducting a reasonable investigation that would have yielded the discovery of his chiropractic incident.

The Court need not address the second prong concerning a proper specification of damages sought[9] because the analysis of the two prong test ends with the first element. As such, the Court rejects Mr. Harris' interpretation of the notice-of-claim requirements and dismisses the action for lack of subject matter jurisdiction under Rule 12(b)(1).

[9] Despite the unsuccessful first prong, Mr. Harris nevertheless properly satisfies the second where he claims $2,000,000 in damages for his injuries.

### B. Rules 8(a)(2) and 12(b)(6)

The Court will not reach the merits of the negligence and lack of informed consent claims raised by Mr. Harris, much less the statute of limitations defense asserted by the Defendant.

Mr. Harris contends that his Complaint plausibly pleads negligence and informed consent in non-conclusory terms. The Court agrees. However, Defendant's 12(b)(6) argument rests on the statute of limitations *not* on plausibility. Mr. Harris erroneously misrepresents the legal sufficiency element of a well-pleaded complaint. Where the concern is the statute of limitations, Mr. Harris' focus is on the plausibility of his negligence and informed consent allegations, an issue the Defendant does not contest. An affirmative statute of limitations defense supports dismissal under Rule 12(b)(6) only when the facts establishing it are clear on the face of the complaint and the documents properly considered with it, leaving no doubt the claim is barred. Fed. R. Civ. P. 8(c); *Santana-Castro v. Toledo-Dávila*, 579 F.3d 109, 113–14 (1st Cir. 2009); *Trans-Spec,Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008); *Morales-Melecio v. United States*, 890 F.3d 361, 367 (1st Cir. 2018). The relevant question is therefore not whether the Complaint satisfies Rule 8(a)(2), but whether its allegations, particularly that Mr. Harris' symptoms began "[i]mmediately following the treatment," establish that the claim accrued on August 6, 2024. ECF

No. 1 ¶ 11. But the Court need not reach that question at all because it lacks jurisdiction under Rule 12(b)(1).[10]

**Dismissal "with" or "without" prejudice**

Under Rule 41(b), a "[d]ismissal operates as an adjudication on the merits" unless "the dismissal order states otherwise" or the dismissal is for "lack of jurisdiction." Fed. R. Civ. P. 41(b). Moreover, "[l]ack of *subject* matter jurisdiction precludes district courts from disposing of the case on the merits." *See Mills v. Harmon Law Offices*, 344 F.3d 42, 45–46 (1st Cir. 2003) (emphasis added). *See Costello v. United States*, 365 U.S. 265, 285–88 (1961). And "[t]he exception encompasses "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite…" *Triple-S, Inc. v. Pellot*, 41 F. Supp. 2d 122, 127 (D.P.R. 1999) (*quoting Costello v. United States*, 365 U.S. 265 (1961)). "[A] dismissal for failure to satisfy a statutory precondition to suit, before a limitation period has expired, should not preclude subsequent claims after administrative remedies are properly exhausted." *Lebron-Rios v. U.S. Marshal Serv.*, 307 F. Supp. 2d 335 (D.P.R. 2004).

The Defendant's request for dismissal with prejudice would have turned on whether the statute of limitations bars Mr. Harris' chiropractic administrative claim not his surgical claim. But because the Court does not reach that issue, dismissing the action on Rule 12(b)(1) grounds, salvages his remedies available through the

[10] For the same reason, the Court does not reach the Defendant's argument that any amendment under Rule 15 would be futile.

administrative procedure. In this instance, dismissal with prejudice would preclude Mr. Harris' future suits rather than agency review, and a Rule(b)(1) dismissal, by contrast, has no preclusive effect on the merits.

In short, Mr. Harris failed to present and identify clear facts supporting his chiropractic claim to exhaust his administrative remedies before availing himself of this suit. Termination of this lawsuit, however, does not foreclose Mr. Harris' ability to continue seeking relief through the agency or thereafter in a court. The Court parts ways with the Defendant on the form of its dismissal considering Mr. Harris' newly filed SF-95 VA Claim.

## III. CONCLUSION

For the above reasons, the Court GRANTS the Defendant's Motion to Dismiss (ECF No. 6) WITHOUT PREJUDICE under Rule 12(b)(1) for lack of subject matter jurisdiction.

IT IS SO ORDERED.

***/s/ John J. McConnell, Jr.***

_______________________________

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 19, 2026